374 F.Supp.2d 1347 (2005)
In re NATIONAL PARK SERVICE WINTER USE MANAGEMENT LITIGATION
The Fund for Animals, et al.
v.
Gale Norton, et al.,
Wyoming Lodging & Restaurant Association, et al.
v.
United States Department of Interior, et al.,
No. MDL-1681.
Judicial Panel on Multidistrict Litigation.
June 16, 2005.
Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL[*] and DAVID R. HANSEN, Judges of the Panel.

ORDER DENYING TRANSFER
WM. TERRELL HODGES, Chairman.
This litigation currently consists of one action pending in the District of District of Columbia and one action pending in the District of Wyoming. Three federal defendants in the two actions (the United States Department of Interior, the Secretary of the Department, and the Director of the National Park Service) move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in a district court within the jurisdiction of the Court of Appeals for the Tenth Circuit. Joining the movants in support of this position are two defendant-intervenors in the District of District of Columbia action, Blue Ribbon Coalition, Inc., and International Snowmobile Manufacturers Assn. The State of Wyoming, which is a plaintiff-intervenor in the District of Wyoming action, supports centralization in the District of Wyoming. The seven plaintiffs in the District of District of Columbia action (The Fund for Animals, BlueWater Network, Ecology Center, and four individual plaintiffs) oppose transfer. If the Panel orders *1348 centralization over their objections, then these plaintiffs would support selection of District of District of Columbia as transferee forum.
On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Movants have failed to persuade us that any remaining, unresolved common questions of fact and law are sufficiently complex and/or numerous to justify Section 1407 transfer in this two action docket. Each of the two MDL-1681 actions is a successor action to litigation that has already been proceeding on a parallel basis in the Wyoming and District of Columbia courts for over four years, and alternatives to transfer exist that can continue to minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978). See also Manual for Complex Litigation, Fourth, § 20.14 (2004).
IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.
NOTES
[*] Judge Vratil took no part in the disposition of this matter.